IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO.96-CR-30003-WDS |
| DEWAYNE DOUGLAS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion for reconsideration (Doc. 65) in which he seeks to have the Court reconsider the denial of his motion for miscellaneous relief (Doc. 63). The Court noted in its Order denying relief (Doc. 64), that the defendant was really seeking collateral review of his sentence, which had to be filed as a habeas motion under 28 U.S.C. § 2255.

In his motion to reconsider, the defendant, again, asserts a sentencing defect. In the original motion, the defendant claimed that it was error to attribute two additional points to him based on his criminal history category. He argued that this enhancement was based upon his state court sentence in Nevada, but that the sentence there expired before he was sentenced in this case, and therefore his calculation was erroneous.

Again, upon review of the record, the Court remains persuaded that this is a matter that must be filed as a habeas action. Defendant filed a habeas action in 2000, *Douglas v. United States,* 00-CV-805-WDS. That motion was denied and the petition was dismissed (Doc. 3 ). The defendant has not appealed and he has not sought leave to file a second or successive petition under §2255, and therefore, even if the Court were persuaded by the motion, it could not consider it without leave

from the Court of Appeals to bring the second or successive petition.

      Therefore, the motion for reconsideration (Doc. 65) is **DENIED** on all grounds raised.

**IT IS SO ORDERED**

**DATE:     17 November, 2010**

                                      **/s/  WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**